## CIRCUIT COURT OF ROCKINGHAM COUNTY

Raymond E. Carr

v.

Norman L. Bradburn et al.

March 23, 1987

Case No. (Chancery) 11026

By JUDGE JOSHUA L. ROBINSON

This suit began by a Bill of Complaint for declaratory judgment to establish a boundary between adjoining landowners. The complainant (Carr) alleged that there was an overlap in the deed descriptions of the triangle ABC (the eastern triangle) on the sketch [filed], which is Exhibit A with the Bill of Complaint; he alleged superior title on the ground that his predecessors in title "can be deraigned back to November 6, 1899, Deed Book 75, Page 460" "whereas the defendant's title can be deraigned only to July 2, 1927, Deed Book 128, Page 412." He conceded that he did not have record title to the triangle AED (the western triangle) but claimed title thereto by adverse possession. The defendants' answer joined in the prayer of the bill that the Court ascertain the true boundary between the parties.

The cause was referred to a Commissioner in Chancery who, after hearing evidence, reported that Carr had established title to the western triangle by adverse possession, but that he failed to carry the burden of proof with respect to the eastern triangle; Carr excepted to the Commissioner's

Report with respect to the eastern triangle, and we overrule his exceptions.

The Report of a Commissioner in Chancery is reviewed under familiar principles; it should be sustained unless the trial Court concludes that his findings are not supported by the evidence. This Rule applies with particular force to a Commissioner's findings of fact based on evidence taken in his presence; the Court must give due regard to the Commissioner's ability, not shared by the Chancellor, to see, hear, and evaluate the witnesses at first hand. *Hill v. Hill*, 227 Va. 569, 577 (1984).

Counsel agreed at oral argument that although the tracts are contiguous, neither party was able to trace title to a common grantor; both tracts are mountain land, and there seems to be no deed description of the western triangle. Ordinarily, of course, the first grant in time would prevail. However, Mr. Carr's surveyor conceded that no natural monuments were used to establish the line for which he contended. On the other hand, the Bradburn surveyor was able to establish the boundary by natural monuments, especially the maple tree (D) and the stone on the south side of the branch (C).

The Commissioner considered it significant that Mr. Carr had unilaterally moved the location of the stream from point C to some distance to the south thereof. The Court agrees.

In boundary proceedings, those who initiate the proceedings bear the burden of proof by a preponderance of the evidence. *Ferris v. Snellings*, 213 Va. 452, 453 (1972). And if they claim by deed, their deed must specifically define the boundaries of their claim. *Central National Bank v. Florence*, 215 Va. 463, 472 (1975). A mere metes and bounds description must give way to a description that can be defined by permanent monuments. Any speculative location must give way to the specificity achieved by using an established monument as the definable point from which calls may be more nearly accurately made. *Central National Bank v. Florence*, 215 Va. at 474.

Accordingly the exception to the Commissioner's Report will be overruled. Taxable costs will be assessed against the Complainant to be paid within thirty days from the date of the entry of a final decree.